**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000357
18-JUN-2026
11:39 AM
Dkt. 56 SO**

NO. CAAP-24-0000357

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MARY STARR, also known as MARY STARR LITTLE,
Plaintiff-Appellee,
v.
STACY LEVIN, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DRC-23-0000359)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, McCullen and Guidry, JJ.)

Defendant-Appellant Stacy Levin (**Levin**) appeals from the District Court of the Second Circuit's March 22, 2024 "Findings of Fact; Conclusions of Law and Order"; April 8, 2024 order for attorneys' fees and costs; and April 8, 2024 Judgment in favor of Plaintiff-Appellee Mary Starr, also known as Mary Starr Little (**Starr**).[1] (Formatting altered.)

On appeal, Levin contends the district court "erred by finding that there was no effective written agreement to modify

---

[1] The Honorable Christopher M. Dunn presided.

the parties' agreement" and "there was no new consideration in exchange for the monthly payment plan."[2]  (Formatting altered.)

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

In October 2021, Starr and Levin executed a promissory note (**the Note**) in which Starr loaned Levin $15,000.00.  Under the Note's terms, Levin was to repay Starr within two months, and should Levin fail to pay in full by the due date, any unpaid amounts would accrue interest.  Additionally, should either party "sue[] to enforce [the] Note or obtain a declaration of its rights hereunder, the prevailing party [would] be entitled to recover its reasonable attorneys' fees and costs incurred in the proceeding . . . from the non-prevailing party."  Any

---

[2]  In her points of error, Levin also contends the district court "erred by finding that [Starr]'s deposit of [Levin]'s monthly checks constituted merely mitigation of her damages."  Levin however provides no argument as required under Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7).  In the argument section of her opening brief, Levin contends that promissory estoppel overcomes the Note's integration provision, but fails to indicate where in the record she raised this issue before the district court as required by HRAP Rule 28(b)(4).

Thus, these contentions are waived.  See Ass'n of Apartment Owners of Wailea Elua v. Wailea Resort Co., 100 Hawaiʻi 97, 110, 58 P.3d 608, 621 (2002) ("Where an appellant raises a point of error but fails to present any accompanying argument, the point is deemed waived."); State v. Moses, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal[.]").

modifications or amendments to the Note were to be made in a signed, written agreement.

Levin failed to timely repay the loan.

After failing to repay the $15,000.00 as scheduled, Levin text messaged Starr that she did not have the money and would make monthly payments:

> As I told you before, I have every intention of paying you. I wish I had the money to pay you in full now. Unfortunately, I just don't. . . .
>
> I'm willing to send you a payment on a monthly basis as I told you initially.  Presently I can only commit to $300 per month.  I know that is not a lot, but even that is a stretch for me.  As soon as I have more, I'll send more. You'll get all your money plus interest.

Starr replied that Levin needed to pay her debts, a cashier's check was okay, and Starr started charging interest:

> The most important fact is that u owe me money—i do not owe u, so whatever money will be handled should be at MY discretion, not yours. . . .
>
> . . . .
>
> I know u can get an equity loan on your signature. . . . So do it, and start paying debts u owe.
>
> Cashier's check will be ok.  I'm starting u at January 1, 2022, 10% interest—that's much lower than most credit cards!!  If u are lax, i will not hesitate to take u to Court, but i would rather stay on a friendly basis—i do miss your friendship, which your lack of communication has messed up.

In March 2023, Starr filed a complaint with the district court alleging that Levin owed her "$11,620.54, including principal of $11,432.61 and interest through [March 17, 2023] of $187.93" pursuant to the Note.

On the day of the scheduled trial, Levin paid Starr $6,000.00, which represented the remaining principal owed on the Note. Trial was rescheduled. Six days before the rescheduled trial date, Levin paid Starr the remaining interest owed on the Note.

Neither Levin nor Starr disputed that Levin did not pay Starr any of the $15,000.00 by the due date or that Levin was required to pay Starr this amount plus interest if she did not pay by the due date. And neither disputed that Levin paid all amounts owed under the Note by the start of trial.

Nonetheless, trial commenced as Starr sought a judgment regarding whether there was a breach of the Note and whether she was entitled to attorneys' fees and costs.[3]

The district court ruled that Starr proved a breach of contract, Levin did not prove an affirmative defense, and the Note was not modified. The district court rejected Levin's assertion that the text messages between her and Starr modified the Note to allow monthly payments.

Levin appealed. On appeal, Levin argues that the text messages "constituted a signed writing" and her monthly payments were consideration.

---

[3] We note that Starr requested $28,497.50 in attorneys' fees and $1,753.28 in costs. The district court awarded $2,905.14 in attorneys' fees, which is twenty-five percent of the $11,620.54 Starr sought in her complaint, and $637.34 in costs.

"Whether or not the parties entered into an agreement is essentially a question of fact." Island Directory Co. v. Iva's Kinimaka Enters., Inc., 10 Haw. App. 15, 23, 859 P.2d 935, 940 (App. 1993). The "essential elements of a contract" are "(1) capacity to enter the contract, (2) offer, (3) acceptance, and (4) consideration." Calipjo v. Purdy, 144 Hawaiʻi 266, 280, 439 P.3d 218, 232 (2019).

"It is an elementary rule of contract law that there must be mutual assent or a meeting of the minds on all essential elements or terms in order to create a binding contract." Malani v. Clapp, 56 Haw. 507, 510, 542 P.2d 1265, 1267 (1975). "The existence of mutual assent or intent to accept is determined by an objective standard. A party's words or acts are judged under a standard of reasonableness in determining whether [it] has manifested an objective intention to agree." Earl M. Jorgensen Co. v. Mark Constr., Inc., 56 Haw. 466, 470, 540 P.2d 978, 982 (1975).

Here, Levin texted, "I'm willing to send you a payment on a monthly basis"; "I can only commit to $300 per month"; and "[a]s soon as I have more, I'll send more. You'll get all your money plus interest." Starr replied, in part, "start paying debts u owe. Cashier's check will be ok. I'm starting u at January 1, 2022, 10% interest . . . . If u are lax, i will not hesitate to take u to Court, but i would rather stay on a

friendly basis[.]"  The text messages do not indicate an agreement by Starr to modify the Note, excuse Levin's pre-existing default, or forego any lawsuit if Levin paid each month.

Thus, the district court's finding that "[t]here was no written agreement signed by [Starr] and [Levin] that modified or amended" the Note was not clearly erroneous.  As there was no modification of the Note, we need not address Levin's contention that the district court erred by concluding that "no new consideration was given by [Levin] to [Starr] for any alleged modifications."

Based on the foregoing, we affirm the district court's March 22, 2024 "Findings of Fact; Conclusions of Law and Order"; April 8, 2024 order for attorneys' fees and costs; and April 8, 2024 Judgment.

DATED:  Honolulu, Hawaiʻi, June 18, 2026.

On the briefs:

Anthony L. Ranken,
for Defendant-Appellant.

Loren K. Tilley,
Caitlin S.D. Musson,
(Horovitz Tilley)
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge